DAYTON FUN HOUSE & RIDING DEVICE MFG CO, ASSIGNMENT OF, In Re

Ohio Appeals, 2nd Dist, Montgomery Co

No 1554.   Decided April 14, 1939

Gene Bacher, Dayton, for plaintiff. Clyde H. Miller, Dayton, for defendant.

### OPINION

By GEIGER, J.

This cause had its inception in the probate court of Montgomery County. In that court Arthur L. Weinreich, Assignee of the Dayton Fun House and Riding Device Manufacturing Company made an application for an order determining priority of claims. In this application he enumerated a number of chattel mortgages executed by the assignor and liens upon the personal property being administered; he represented that the total amount of funds received by him as collections and the

sale of the property amounted to $1034.99; that of this amount $950.00 came into his hands from the sale of tangible personal property, which was encumbered by mortgages and contracts as stated in his application and that he has in his hands for distribution the sum of $637.37. He represents that there are tax claims against the assignor and the assigned estate as follows:

1. Capital stock tax.
2. Corporation franchise tax.
3. Personal property tax in the amount of $750.90 due the Treasurer of Montgomery County, Ohio.
4. Industrial insurance premiums.
5. Real property tax in the sum of $2,350.46 due the Treasurer of Montgomery County, Ohio.

He states that each of the creditors to whom the tax items are due claims that each tax claim is a prior claim and due to be paid out of the proceeds of the encumbered tangible personal property prior to and to the exclusion of the mortgages and to the exclusion of the holder of a certain conditional sales contract. He states that the mortgagees and holder of the conditional sales contract claim that their mortgages and contract are to be paid prior to the claims for taxes. He states that he does not know which of the above mentioned claims have priority and should be paid by him out of the funds in his hands, which are not sufficient to pay all the secured claims and claims having priority. He prays that the court may determine the priority of the several claims listed and direct the order of distribution.

The court found that certain mortgages enumerated are prior to claims against the assignor for taxes on personal property in the distribution of funds, in the hands of the assignee, arising from the sale of personal property covered by such mortgages and conditional sale contract and orders that the assignee pay the balance in his hands, after the costs of administration, to the several mortgagees.

The Treasurer of Montgomery County, while agreeing with the finding of fact, excepts to findings of law insofar as the same are against the Treasurer and favorable to the mortgagees.

A motion for new trial was filed and overruled and counsel representing the Treasurer stated to the court, and stipulated in the record, that the Treasurer does not question the correctness of the court's determination of the priority of certain claims except as to the taxes.

Thereupon the cause was appealed to the court of common pleas. In that court an agreed statement of facts was filed by counsel to the effect that the application for an order determining the priority of claims contains a correct statement of the facts pertinent to the case and that the entry determining the priorities makes a correct statement of the facts pertinent to the case and also that the entry overruling the motion for new trial makes a correct statement and finding of facts and it is agreed that the facts averred or stated or found by the court in the three papers are all the facts pertinent to the issues involved.

The Treasuer of Montgomery County disagrees with the probate court's statement of the law applicable to the facts and with the probate court's determination of priority and the agreed statement of facts and asserts that the Treasurer believes that the personal property tax in the amount of $750.90 due to the Treasurer of Montgomery County is a prior claim and should be paid in preference to the chattel mortgages.

Upon the transcript and this agreed statement of facts the court of common pleas found there is no error in the order of the probate court and that the determination of priority of claims made by the probate court is correct and the judgment of that court is affirmed and the case remanded to the probate court for execution.

The Treasurer made a motion for new trial, which the court overruled and proper notice of appeal was filed by the

County Treasurer, appellant in this court.

The issues here are simple and require this court to determine whether or not the two courts below were correct in determining the priorities and holding that the claim of the Treasurer is junior to that of the mortgagees. Several sections of the statute are involved.

Sec. 11138, GC in the chapter relating to insolvent debtors is as follows:

"Taxes of every description assessed against the assignor upon personal property held by him before his assignment must be paid by the assignee or trustee out of the proceeds of the property assigned in preference to any other claim against the assignor."

The remainder of the section relates to labor claims.

Sec. 11139, GC, provides:

"The foregoing provisions shall not prejudice or affect securities given, or liens obtained in good faith, for value."

The balance of the section relates to labor claims.

Counsel for the Treasurer and the mortgagees present comprehensive briefs which we have studied with care. Without going into detail or citing cases to which we have given our consideration, both those cited by counsel and others developed by our independent research, we are unable to arrive at any other conclusion than that under the provisions of the two statutes above cited the holdings of the courts below were correct. See opinion Attorney General Price, 1922, p. 923. There are other sections of the statute, especially those relating to receiverships, which might lead to a different conclusion and there are decisions, where receiverships and other trust estates were involved, which under the statutes appropriate to the particular trust being administered, in which the court arrived at a different conclusion in reference to the priority of a tax claim. We, however, must confine ourselves to the interpretation of the two statutes which seem to govern the situation in reference to assignments. It may be difficult to understand why the legislature has yielded the priority of taxes to the claim of a mortgagee. It may be that the legislature took into consideration the fact that the mortgagee was required to return his mortgage for taxation and if he was required to pay a tax on the mortgage as an intangible asset he should not suffer an additional diminution of his security through a priority payment of taxes.

Our attention has been called to and we have given consideration to the decision in St. Marys Machine Co. v The National Supply Co., 68 Oh St 535, in which it is held that after condition broken, the mortgagee under a chattel mortgage is the owner of the property covered by the mortgage and that, under the receivership statutes, the chattels to the extent that the same may be required to satisfy the mortgage are the property of the mortgagee and not the mortgagor. Under this decision it is possible that the Treasurer might recover his taxes from the mortgagee as being the owner of the property by virtue of a condition broken. It might be possible that the mortgagee would, by virtue of such decision, be in the same position as he would have been had he bought the property in question from the mortgagor thereby becoming subject to taxation due to his ownership of the property. However, this is not the case here involved and the court's observation is probably gratuitous.

Judgment of the court below affirmed. Cause remanded.

HORNBECK, PJ, & BARNES, J, concur.